## BINNS v SMITH et

Ohio Appeals, 2nd Dist, Fanklin Co

No 2840. Decided Nov 15, 1937

Joseph P. Eagleson, Columbus, and David S. Craig, Columbus, for appellee.

Binns & Tresemer, Columbus, and Kries & Gregg, Columbus, for appellant, contra the motion.

## OPINION

By HORNBECK, J.

Submitted on motion of appellee, The West Side Day Nursery Association to dismiss the appeal "for the reason that this cause, insofar as it relates to said Association, is not appealable by the appellant."

It appears that appellant as plaintiff joined numerous parties, defendants below, appellees here, in an action in the Probate Court for a declaratory judgment. The petition requested, among other things, construction of the will of Thomas F. Smith, deceased, and direction to the Trustee in several particulars touching the administration of his Trust.

A part of the subject matter presented to the Probate Judge was the request for construction of Item III of the will, which, after a provision for the support of testator's wife, provided that a part of the remainder was to be divided and distributed as directed in Item III, which is as follows:

"To the Oak Street Day Nursery of Columbus, Franklin County, Ohio, One Thousand ($1000) Dollars, but should the institution be dissolved or discontinued, at that time, then said sum shall pass to and vest in the Broad Street Methodist Episcopal Church fund mentioned and provided in item four and for the purposes therein specified."

The Trustee was in doubt as to the identity of the organization named in the item as The Oak Street Day Nursery of Columbus, Franklin County, Ohio.

The Court, upon consideration of the questions presented for adjudication, determined that the appellee, The West Side and Ohio Avenue Day Nurseries Association, was in fact the successor of The Oak Street Day Nursery of Columbus and entitled to the bequest of $1000.00 as provided in Item III.

Among other questions brought to our attention by the appeal which was taken by the Trustee is the correctness of this judgment of the Probate Court. Upon the state of fact developed from the transcript of pleadings and journal entries filed in the appeal in this Court and statement of counsel for the Trustees of the Broad Street Methodist Episcopal Church, it is insisted by counsel for the motion that appellant has no right to prosecute its appeal in this Court to review the judgment as to Item III of the will, because there is no such adverse relationship between the Trustee and the appellee as is required in law.

The action in the Probate Court was instituted by favor of the new declaratory judgment act, §§12102-1 to 12102-16 GC, inclusive. This act is new and but for it the Trustee would have had no authority to seek the judgment of the Probate Court in the procedural manner adopted. The act in terms defines the rights and limitations of those who seek to take advantage of its benefits and by the express terms of §12102-4 GC the Trustee was authorized to institute the action. However, the right of the Trustee to prosecute appeal is not specifically defined but is found in the general provision of §12102-7 GC:

"All orders, judgments and decrees under this act may be reviewed as other orders, judgments and decrees."

So that although the Trustee was clearly within his right in instituting the action for a declaratory judgment in the Probate Court, though there may have been

no adverse interest between him and the beneficiary named in Item III of the will, his right to appeal must be tested by the general provisions as governing all appeals, under the Code. We are then relegated to the new appellate act, §12223-1, et seq., and such statutes and cases as may be available on the subject of appeal.

There is little said in the new appellate code defining who may prosecute an appeal, excepting §12223-15 GC, which provides:

"When the interest of a party is separate and distinct from that of all others in the suit, and he desires to appeal his part of it, it shall be so allowed by the court, and the penalty and bond fixed accordingly."

It is basic that a review of a judgment will only be accorded to a party who has been adversely affected by that judgment. This is recognized by the language of §12223-5 GC, fixing the notice requisite to an appeal, wherein it is provided that the party appealing shall be designated the appellant and the **adverse** party the appellee.

The only interest that the Trustee could have under Item III would be that the bequest there made should be paid according to the direction of the testator. It would go, under the Item, either to The Oak Street Day Nursery of Columbus, Ohio, or such an entity as could be said to be its successor or to the Broad Street Methodist Episcopal Church.

When the Trustee secured the judgment of the Probate Court as to the association to which the $1000.00 provided in Item III should be paid, he was protected as to future action in the event that no further steps were taken, by those mentioned in the Item or claimed to be contemplated by the Item. The adverse parties normally would be The West Side and Ohio Avenue Day Nurseries Association, which claims to be the successor of The Oak Street Day Nursery and The Broad Street Methodist Episcopal Church, but the Broad Street Methodist Episcopal Church prosecutes no appeal and asserts no claim to the fund. In this situation we are of opinion that there is no such adverse relationship between the Trustee and the appellee The West Side and Ohio Day Nurseries Association as would authorize the Trustee to prosecute his appeal to this Court from the judgment of the Probate Court in construing Item III of the will.

The question presented on the motion is new in Ohio and our determination is largely a matter of first impression. However, the appellant cites no cases whatever in support of his position. Apellee cites several cases from other jurisdictions which support its claim. The second and third propositions of the syllabus in The **First National Bank of Cincinnati v Rawson, et al., 54 Oh Ap 285, 23 Abs 25**, are pertinent. We quote:

"2. An executor in its official capacity can not be prejudiced by an order of the court in such action, (for instructions respecting the disposition of the estate to be administered under §10504-66 GC) simply directing the administration of the estate, and can not appeal therefrom in its official capacity.

"3. Where such action is brought by an executor in its official capacity and no interest or right in that capacity has been prejudiced by an erroneous judgment of a Court of Common Pleas, such judgment will not be disturbed unless other persons interested in the will file an appeal, or unless the executor does so in its individual capacity."

In 2 American Jurisprudence, page 943, it is said:

"In addition to the requirement of a substantial interest in the subject matter of a litigation, it is essential in order that a person may appeal or sue out a writ of error that he shall be aggrieved or prejudiced by the judgment or decree."

4 C. J. S., paragraph 183:
"He (a party or a representative in an official capacity) may appeal, like any other party, if he is aggrieved in such capacity, but if he is not so aggrieved he can not appeal."

And more specifically, page 373:
"An executor or administrator may not secure review of a judgment, order or decree merely determining the rights as between the parties entitled to the estate or distributing the estate or a part thereof among heirs, next of kin, devisees, or legatees, where the court had jurisdiction, unless there are exceptional circumstances taking the case out of the general rule, * * *."

In an annotation in 87 A. L. R., 1250, there are compiled the cases, the tenor of

the adjudication in which is to effect that an appeal from a declaratory judgment will be dismissed where there is nothing in it prejudicial to the claimed rights of the appellant.

A blue bottle case is Bryant, et al., v Thompson, N. Y. Court of Appeals, 13 L. R. A., page 745, the syllabus of which is:

"The right to appeal as a party 'aggrieved' does not extend to executors who have obtained a judgment construing a will as to which of two parties is entitled to a certain bequests where the alleged claimants acquiesce in the decision."

The opinion is somewhat extended and is interesting. A consideration of the facts will disclose that the court there went much further in applying the law stated in the syllabus than is necessary in the instant case. The note to Bryant v Thompson, supra, cites several cases in point, which hold contrary to the reported case to which the annotation is appended. However, it is asserted that the main case is in accord with the weight of authority.

A later case, Paulson, Exr., v Paulson, (Wis.), 5 L. R. A., (N.S.) page 804, holds contrary to Bryant v Thompson, supra. In Porter's Heirs v Porter, 7 How. (Miss.), 106, 40 Am. Dec., page 56, the court had under consideration an appeal in which the executor and two of the distributees of the will united. The court, at page 56, said:

"The law allows to any party who may feel aggrieved, the right to appeal from any order, decision, decree, or sentence of the probate court. From the nature of the answers of the two defendants who unite in the prayer of the petitioner, they are not injuriously affected by the decree. The cause as to them is at an end; the decree does not aggrieve them. The same may be said of the administrator, who is a mere trustee, and as such must stand indifferent as to how the decree goes, or as to who gets the money."

In Tuckerman v Currier, (Colo.), 129 Pac. 210, it was held that executors have no such interest in a decree awarding certain increase of the estate to life tenants as against residuary legatees as would entitle them to appeal therefrom. Other cases cited and examined, which are germane to our question, are Dockray v

O'Leary, et al., (Mass.), 190 N. E., 798; MacDonald v MacDonald, et al., (Mass.), 197 N. E., 3; Doane v Bigelow (Mass.), 200 NE 121.

Motion sustained.

BARNES, PJ, and GEIGER, J, concur.