## TURPEN, ESTATE OF, IN RE

Ohio Appeals, 2nd Dist., Darke Co.

No. 521.    Decided Jan. 3, 1938

Ben Turpen, Cincinnati, for Administratrix.

Wilbur D. Spidel, Greenville, for Apellee.

## OPINION

By GEIGER, J,

The matter now before the court originated in the Probate Court of Darke County, on the exceptions to an inventory and appraisement of the estate of John C. Turpen, deceased, filed on January 10, 1935, by Margaret S. McKnight, Administratrix. The exceptions are directed to the omission from the inventory of one two caret diamond Masonic ring. On the original inventory as filed that item appears but is erased, and in the proceeding is regarded as having been withdrawn by the Administratrix. It does not appear whether the erasing was made before or after the filing.

Dorothy Turpen files exceptions for the following reasons: "Said inventory fails to include as property of the deceased, and hence property belonging to this estate, one two caret diamond Masonic ring."

The exceptions were submitted to the Probate Court and the court made the following finding:

"It is therefore by the court ordered, adjudged and decreed that the exceptions filed herein to the inventory and appraisement by Dorothy Turpen be and same are overruled. To all of which order of the court the said Dorothy Turpen by counsel excepts."

Notice of appeal was given by Maragaret S. McKnight, Administratrix. The notice does not state whether it is upon question of law or law and fact.

In the Court of Common Pleas, Clara Turpen Grimes, one of the heirs of John C. Turpen, deceased, and a party interested in the administration of the estate, filed a motion for an order dismissing the appeal from the Probate Court for the reason that the appeal was sought to be perfected by Margaret S. McKnight, Administratrix, from the order of the Probate Court overruling the exceptions of Dorothy Turpen to the inventory, which judgment was in favor of Margaret S. McKnight, Administratrix. Further because said appeal was not perfected by Dorothy Turpen, the losing party, and no bond was given by the said Dorothy Turpen; because no exceptions were made to the order of

the Probate Court by Margaret S. Mc-Knight, Administratrix.

The Court thereupon made the order:

"It is therefore, ordered and adjudged by the court that the appeal of Margaret S. McKnight, Administratrix of the estate of John C. Turpen, deceased, be and the same is hereby dismissed, and that the cause be remanded to the Probate Court for further proceedings according to law in said court."

### THE QUESTION PRESENTED

The question presented is whether or not an administrator may appeal from a decision of the probate court overruling exceptions to the inventory when such exceptions have been filed by another person.

Dorothy Turpen filed exceptions, which the court overruled, to which order Dorothy Turpen excepted. She then appears to have dropped out of the picture and gave no notice of appeal. Notice of appeal was however given by Margaret S. McKnight, the administratrix, not stating whether it was on questions of law or law and fact.

The motion to dismiss the appeal was filed by Clara Turpen Grimes, another heir of John C. Turpen, who had not participated in the action in the probate court. This motion, as before stated, was sustained.

Sec 10509-60 GC provides:

"When a person interested in an estate or in any of the property included in the inventory files exception to the inventory in the probate court, either party may appeal from its finding, order or judgment on hearing thereof to the court of common pleas."

Sec 10501-56 GC provides:

"The cause so appealed shall be tried, heard and decided in the court of common pleas in the same manner as though the court of common pleas had original jurisdiction thereof."

This provision does not appear in §10509-60 GC and it must therefore be assumed that the appeal provided for in the latter section is to be heard by the court of common pleas not as if it had original jurisdiction but only in the exercise of its appellate jurisdiction. Incidentally see **Squire, Supt. v Bates, 132 Oh St, 161.**

Sec 12223-3 GC provides in substance that every final order of a court may be reviewed as provided in the chapter on appeals. "Except that appeals from judgments of the probate courts and justices of the peace upon questions of law and fact shall be taken in the manner now provided for in §10501-56 to §10501-61 GC inclusive and §10382 to 10398 GC inclusive." The first group of statutes refer to appeals from the probate court and the last to appeals from Justices of the Peace.

It will be observed that these enumerated sections do not include §10509-60 GC which is the section providing for an appeal in cases of exceptions to an inventory. Why this omission is not clear. Counsel in appealing from the probate court to the common pleas court and from the common pleas court to this court followed the provision of the general §12223-1 GC, et seq., appearing here on an appeal on questions of law alone. Exceptions to an inventory not being a chancery matter, it could only be considered by this court on questions of law. **In Re Estate of Chipman, 32 O C A, 29.**

The final question is whether an administrator, as to whose inventory an exception has been filed and overruled by the court, has a right to appeal from a judgment in her own favor, which in effect established the correctness of the inventory. §10509-60 GC provides that when a person interested in the estate files an exception either party may appeal from the finding of the probate court. The statute is not so broad as §10501-56 GC which provides that an appeal may be taken by a person against whom it is made or whom it affects, etc. Proceedings in settlements of estates by the Probate Court are not inter partes but are proceedings in rem. But that does not prevent the proceedings in reference thereto being essentially adversary. **McMahon v Ambeck, 79 Oh St, 103. Trumpler, Admr v Royer, 95 Oh St, 194.**

Sec 12223-2 GC provides in substance that an order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, and an order affecting a substantial right made in a special proceeding is a final order

which may be reviewed, modified or reversed as provided in the title. It will thus be seen that under §12509-60 GC it is provided that either party may appeal and that under §12223-2 GC an order affecting a substantial right in an action may be appealed from. The foundation of the right of the administratrix to appeal must rest upon whether she is a party and whether the order affected her substantial right. She is not a party in the ordinary adversary sense, but is merely a trustee to preserve, administer and distribute the estate under the order of the court.

This court in a recent case decided on the 14th day of November, 1937, in Franklin County, Binns v Smith, et No. 2840 (unreported) (26 Abs 225), gave consideration to the question as to whether one who was acting as a trustee under a will had the right to appeal from the order of the court making a declaratory judgment affecting the property of the trust, and through Judge Hornbeck, there stated that it is basic that a review of a judgment would only be accorded to a party who had been adversely affected by the judgment, and that where the trustee had merely sought and had obtained the judgment of the court as to the provision of the will, there was no such adverse relationship between the trustee and the appellee as would authorize the trustee to prosecute appeal from the judgment of the court below. The court cites a number of strong authorities.

In the case of the First National Bank v Rawson, 54 Oh Ap 285, (23 Abs 25), it is held that an executor in his official capacity can not be prejudiced by an order of the court in an action for instruction respecting the disposition of an estate and can not appeal therefrom in his official capacity, and where such action seeking instruction is brought by the executor and no interest or right in that capacity has been prejudiced by an erroneous judgment of the court, such judgment will not be disturbed. The court in that case cites many decisions in which it is held that the appellant has no such interest as executor as would make him in his official capacity "a person aggrieved." The court quotes with approval cases to the effect that the executor having in his official capacity brought all interested parties before the court, fulfilled his whole duty and had no further interest in the outcome of the suit except to abide by and carry out the instructions of the court in the distribution of the estate. As executor he properly sought the instructions of the court, although all the parties in interest, having filed no appeal, must be taken to be satisfied with the instructions given, he was not, and proposes by his appeal in the capacity as an executor at the expense of the estate to seek other and contrary instructions. And the court held he was not entitled to do so. This court also cited 2 American Jur., p. 943, 4 C J S, Par 183 p 373, and 87 ALR, 1250, the substance of which citations is to the effect that it is essential in order that a person may appeal that he shall be aggrieved or prejudiced by the judgment. If he is aggrieved in his representative capacity, he may appeal in such capacity, but if he is not so aggrieved he can not appeal; that an administrator may not secure review of an order determining the rights as between the parties entitled to an estate unless there are exceptional circumstances taking the case out of the general rule, and that the right to appeal as a party aggrieved does not extend to executors who have obtained a judgment construing a will.

We arrive at the conclusion that inasmuch as the proceedings in the Probate Court did not involve any substantial right of the administratrix, but simply affected the distribution of the estate in which she as administratrix was not and could not be an aggrieved party, and could not be one whose substantial right was affected by the order made overruling the exceptions to the inventory, that she has no right under the statute to appeal from the order of the Probate Court to the Common Pleas Court. As to the controversy there begun she was a mere stakeholder and her only duty is to abide by the order of the court which had jurisdiction over the estate which she was administering.

If she is searching for concealed assets, seeking to bring them within the administration of the estate, a proper proceeding would have been under the appropriate §10506-67 GC.

Judgment of the Court of Common Pleas affirmed. Cause remanded for further proceedings in the Probate Court in harmony with this decision.

BARNES, PJ, and HORNBECK, J, concur in judgment.