## ANDERSON, Estate of, In re.

Ohio Appeals, Second District, Franklin County.

No. 5228.   Decided March 17, 1955.

Jenkins, Williams, Wendt, Murray & Deeg, Richard C. Deeg, of Counsel, Columbus, for appellee, Opal Green.

Sater & Sater, Kenneth L. Sater, of Counsel, Columbus, for appellant, Edith R. Funke, Executrix and Beneficiary.

### OPINION

By THE COURT.

This is a motion to dismiss the appeal for the alleged reason that

the appellant has failed to comply with Rule VII of this Court in that no assignments of error or bill of exceptions have been filed within 50 days from the filing of the notice of appeal. The record discloses that appellant's opening brief was filed within the required time and an examination of the same discloses that a bill of exceptions is not necessary to exemplify the errors complained of, but that they appear from the record. A bill of exceptions is therefore not necessary to perfect the appeal. **Hoffman Candy Co. v. Dept. of Liquor Control, 56 Abs 257.**

It is also urged that no assignment of errors has been filed. An examination of the brief discloses fully the errors complained of, although, it has not been so designated, but is noted as the issue presented. This is a sufficient compliance with the rule.

The motion will be overruled.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.

No. 5228. Decided April 7, 1955.

**OPINION**

By THE COURT.

This is a motion filed by Opal Green, appellee, seeking an order dismissing the appeal of Edith R. Funke, Executrix, for the reason that the same, in so far as it relates to the executrix, is not appealable by her in such a capacity. The record reveals that the appeal is from a decision of the Probate Court of Franklin County declaring which of several claimants is entitled to receive rents accruing after the death of the testatrix. While the will does not specifically provide for the disposition of said rents, it is urged by the appellee that the decision is not against the executrix, and that it does not affect her in any manner. Therefore under §2101.42 R. C. she has no right of appeal. The cited section of the Code provides as follows:

"An appeal on a question of law and fact may be taken to the court of appeals in all cases in which such court has appellate jurisdiction. Such appeal may be taken from any order, decision, or judgment of the probate court, by a person against whom it is made or whom it affects,

in the manner and within the time provided for the prosecution of such appeals from the court of common pleas to the court of appeals. * * *"

It has been repeatedly held by our Supreme Court that the right of appeal is not an inherent or inalienable right, but must be conferred by authority upon the person who would enjoy it. **City of Middletown v. Commission, 138 Oh St 596; Lindblom v. Board of Tax Appeals, 151 Oh St 250; Corn v. Board of Liquor Control, 160 Oh St 9.** In **Miller v. B. U. C., 160 Oh St 561,** at page 563, the Court says:

"As a general rule an administrative agency has no partisan interests in its decisions. Unless there is express statutory authority therefor, an agency may not appeal from a judgment which, in effect, vacates its decision."

It appears to us that the duties of the executrix in this case are purely administrative and in which she is not interested. She officially represents the court, the estate, the creditors, the legatees, the devisees, all equally and without favor or prejudice, and in so doing the decision of the Probate Court is not adverse to her. It is more in the nature of instructions to her and as such does not present an issue or question which she may appeal. The principle of law applicable to this question was stated by this Court in the case of **In re Estate of Turpen, 26 Abs. 587, Syl. 2:**

"An administrator as to whose inventory an exception has been filed and overruled by the court is not an aggrieved party or one whose substantial right was affected by the order, and has no right under §§10501-56, 10509-60, or 12223-2 GC, to appeal from such order."

This Court also announced the same legal principle in the case of **Binns v. Smith, 26 Abs 225:**

"A trustee under a will who secures a declaratory judgment designating the beneficiary entitled to a bequest thereunder has no such adverse relationship to the beneficiary named, as to authorize him to prosecute an appeal from the judgment construing the will."

The appellant cites the case of **Central Trust Company v. McCarthy et, 73 Oh Ap 431,** in which an executor was prosecuting an appeal and upon a motion to dismiss being filed the same was overruled, but the Court held the same until the appeal was argued on the merit. When the case came on for final determination the Court found that no substantial prejudice to the estate or the purpose of the settlor was manifest and affirmed the judgment. This case we do not feel is in conflict with our views in this matter announced supra.

We are also referred to the case of **Sokolowski v. Lucey et, 37 Abs 392,** wherein a co-administrator refused to join in the prosecution of an appeal and upon a motion to dismiss being filed the Court ordered the other co-administrator to be made an appellee in said appeal. It does not appear that the question presented in our case was even considered in the Sokolowski case, supra. We adhere to the legal pronouncements made in the cases of In re Estate of Turpen, and in Binns v. Smith, supra, and sustain the motion to dismiss the appeal of Edith R. Funke, Executrix.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.