IN RE TRUSTEES UNDER WILL OF YOST: YOST ET AL., TRUSTEES, APPELLANTS, *v.* MOLL, APPELLEE; CITY NATIONAL BANK & TRUST CO., EXR., ET AL.*

(No. 903—Decided March 21, 1956.)

*Mr. George W. Secrest,* for appellant Joel T. Yost, trustee.
*Mr. A. G. Lancione* and *Mr. George Thornberg,* for appellant C. C. Sedgwick, trustee.

_____
*Motion to certify the record overruled, October 17, 1956.

*Messrs. Manchester, Bennett, Powers & Ullman,* for appellee.

*Messrs. Vorys, Sater, Seymour & Pease,* for new party defendant City National Bank & Trust Company, executor of the estate of J. E. McCarty.

*Messrs. Cooper & Cooper* and *Messrs. Alter, Wright & Barron,* for new parties defendant Charles R. McCarty, Laura McCarty Bendle, Donald Walker McCarty, Alexia M. Draper, George Warren Johnson, Morris C. Johnson, Alma Evaline Johnson, Amy Pauline Klotzbaugh and Celia W. Sherwood.

HUNSICKER, J.   This is an appeal on questions of law and fact from a judgment of the Probate Court of Belmont County, Ohio.

On the 18th day of December, 1933, Joel T. Yost and C. C. Sedgwick were appointed, by the Probate Court of Belmont County, as trustees of the trust created by Item XX of the will of George W. Yost, deceased.   They proceeded to perform their duties as trustees until they were ordered removed from office. It is from such judgment, removing the trustees, that an appeal is lodged in this court.

Originally, the settlor, George W. Yost, who died in December, 1931, appointed a corporate trustee, and his nephew, Joel T. Yost, as cotrustee.   When the corporate trustee could not qualify, another cotrustee was named.

The removal of the trustees was ordered on January 21, 1954, after a hearing on a motion filed October 7, 1953, by Mrs. Violet A. Moll, one of the beneficiaries under such trust.

During the course of the trial, and also subsequent to the date of removal, the Probate Court ordered that the trustees make no distribution of assets except income attributable only to Mrs. Moll.

Other beneficiaries under the will of George W. Yost, deceased, who are entitled to a distribution of assets when one of the beneficiaries of the trust dies without issue, have been made parties to these proceedings in this court for the purpose only of asking that this order preventing distribution be "rescinded, and that the Probate Court be reinvested with jurisdiction to release or modify the limitations of the authority of said trus-

tees to permit said trustees to make distribution to the parties to this motion of the portions of said assets to which they are entitled * * *."

There is no reason in equity or good conscience why the assets and property coming to these several parties outside the trust created under the above-named Item XX should be held pending the final determination of the controversy existing between Mrs. Moll and the trustees.

The order with respect to the impounding of these assets is vacated.

The principal subject of this appeal *de novo* is the motion for removal of the trustees filed by Mrs. Moll.

The testimony and exhibits submitted at the hearing in the Probate Court, along with a small amount of additional testimony, is the evidence presented to this court.

Counsel for the trustees, at the opening of the trial in this court, and before any testimony was presented, moved the court:

(1) To dismiss the motion because there is a defect of parties herein.

We tentatively overruled the motion at that time, and we now adhere to such ruling. We know that there are many other persons outside the trust who will share in a portion of the corpus of the trust because of the death of Nancy Yost without issue, and that these persons, when approached by Mrs. Moll to join her in the motion to remove trustees, refused to become a part of such action. We do not deem these persons necessary parties herein, although most of them, by their action, have become parties by asking for a distribution of assets.

(2) To strike that portion of the motion relating to the conduct of C. C. Sedgwick in the trust of Ira B. Sedgwick, deceased. This is item "Ninth" of the motion to remove the trustees.

Such motion of appellant trustees was tentatively overruled, and we now adhere to that ruling.

It must first be remembered in these proceedings that, although both trustees were appointed by the Probate Court, one of them, Joel T. Yost, was named by his uncle, the settlor, knowing that his interest and that of the beneficiaries of the trust might at times conflict.

It is not a part of the work of this court to speculate on the reasons why some of those recipients of the bounty of George W. Yost, the deceased testator, were given portions of his estate outright, and some were given only the income of a portion of the estate. Also, too, we might wonder if it was the testator's intention to give, at any time, the cestuis que trustent any property outright. That subject, too, is no present concern of ours.

We are here concerned with the removal of trustees. Does the evidence submitted to this court require that we order a removal of these trustees upon one or more grounds of the motion as made by Mrs. Moll?

The statute upon which this action is founded is Section 2109.24, Revised Code, which, in part, reads as follows:

"The court may remove any such fiduciary, after giving such fiduciary not less than ten days' notice, for habitual drunkenness, neglect of duty, incompetency, fraudulent conduct, because the interest of the trust demands it, or for any other cause authorized by law."

There is no claim herein that there was, on the part of the trustees, habitual drunkenness, neglect of duty, incompetency, or fraudulent conduct. Are there other causes, authorized by law, which require the removal of the trustees, or does the interest of the trust demand it? The other causes authorized by law, such as failure to give bond, embezzlement, or concealment of trust assets, and the other statutory grounds, are not claimed herein.

The first complaint in the motion to remove the trustees says that the trustees, on their own initiative, have instigated and prosecuted repetitious, vexatious, expensive, unnecessary and protracted legal proceedings, in which proceedings the trustees have attacked and opposed the interests of Mrs. Moll.

Four actions were filed by the trustees between the date of their appointment in 1933, and the present. No criticism can conceivably be directed against the action taken in the first two actions so filed; they concerened: first, a beneficiary under this trust, not a resident of the United States, Wayne Gilmore; and second, a distribution of bank stock, in which the trust, in order to facilitate the reopening of a bank, took more

assets than such trust was entitled to receive—the action adjusting this matter fairly.

The two actions filed more recently (Cullen McCarty and Nancy Yost) concerned the distribution of trust assets after the death of the beneficiaries.

We believe no criticism can fairly be directed against the trustees for filing these actions, since, as Mrs. Moll stated, in a letter to Mr. Joel Yost, one of the trustees: "Uncle George's will seemed clear in regard to his immediate wishes but ambiguous, I thought, as to his wishes following the deaths of the childless trust recipients."

At the conclusion of those actions or instructions in the trial court, these trustees were not satisfied with the instructions they received, and in each instance an appeal was prosecuted from the judgment of the trial court.

Mrs. Moll also joined in an appeal of these matters, but that does not justify the appeal by the trustees unless it was proper and right for them to do so, where the decision of the trial court, whose help they sought by way of instructions, did not adversely affect the trust estate. In other words, our inquiry, as to this complaint, relates to the right of trustees to appeal where no adverse judgment is rendered involving the corpus of the trust.

All that the trustees needed for their protection was the judgment of the trial court; and since the trust was not placed in any jeopardy by the instructions given, the matter, so far as the trustees were concerned, should have ended then. The fact that the trustees believed that the trial court was in error on matters of law was of no consequence, for the trust was not endangered, diminished or abolished by the act of the court. If individual beneficiaries or legatees outside the trust were affected, then it was their right to appeal if they so desired.

We must not forget that the most fundamental duty owed by the trustees is a duty of loyalty to the beneficiaries, which arises because the trustees are in a fiduciary relation to the beneficiaries of the trust.

The Ohio cases, wherein the right of appeal by a trustee is discussed, have all been based upon an appeal from a judgment adverse to the trustee in his trust capacity. We have, however,

found two Ohio cases that discuss the right of appeal where the trustee is in a position as in the instant case. Those cases are: *Binns* v. *Smith*, 26 Ohio Law Abs., 225, and *In re Estate of Anderson*, 71 Ohio Law Abs., 126; both decided by the Second District Court of Appeals, wherein that court determined that a trustee under a will, who secures a declaratory judgment designating the beneficiary entitled to a bequest thereunder, has no such adverse relationship to the beneficiary named, as to authorize him to prosecute an appeal from the judgment construing the will. See: *Gearhart* v. *Richardson*, 109 Ohio St., 418, at page 426, 142 N. E., 890; *Hunt, Trustee,* v. *Edgerton*, 9 C. C. (N. S.), 353, at page 354, 19 C. D., 377. See also: *Waterbury Trust Co., Trustee,* v. *Porter*, 130 Conn., 494, 35 A. (2d), 837; *In re Musser's Estate,* 341 Pa., 1, 17 A. (2d), 411; *Dockray, Exr.,* v. *O'Leary, Jr.,* 286 Mass., 589, 190 N. E., 798. These cases from other jurisdictions, although they reach much the same conclusion arrived at in the Ohio cases, do so upon the basis of statutory authority.

Without unduly lengthening this already long opinion, we think the majority rule in the United States is that one in a representative capacity cannot appeal from an order or judgment in an action in which he, in his representative capacity, is a party, unless that order or judgment adversely affects or prejudices the estate which he is administering. See: *King* v. *Buttolph*, 30 F. (2d), 769; *Surratt, Exr.,* v. *Knight*, 162 Md., 14, 158 A., 1; *In re Derbyshire's Estate*, 306 Pa., 278, 159 A., 439.

When the trustees appealed the judgment construing the will in both the *Cullen B. McCarty* and *Nancy Yost cases,* they exceeded the powers conferred on trustees by the laws of this state. They were not aggrieved parties having a right to appeal. When, in addition, they in the appeal adopted a course, and advocated a view of the law, contrary to the best interests of their beneficiary, Mrs. Moll, they violated the first precept of a trustee—loyalty to the cestuis que trustent.

We believe that this conduct on the part of these trustees is such that the interest of the trust demands that they be removed from office, and that no attorney fees be allowed in the Nancy Yost matter for prosecution of that case beyond the Probate Court. All costs incurred by the trustees in the ap-

peal of the Nancy Yost matter shall be paid by the trustees personally.

We have examined all the other nine claims of Violet Moll which she sets out as grounds for removal of these trustees, and we do not find that they constitute a basis for the removal of these trustees.

We therefore determine that:

1. The trustees are hereby removed.

2. The trustees shall receive only such allowance of attorney fees in the *Nancy Yost case* as is sufficient to compensate them for the action in the Probate Court.

3. The trustees shall personally pay the costs incurred by them in the appeals from the judgment of the Probate Court in the *Nancy Yost case.*

4. This cause shall be referred to the Probate Court, with instructions to: require within ten days the trustees to file a final account of their trust; reimburse the trustees for all proper expense in the administration of the trust to the date of the filing of the final account; compensate the trustees for service rendered to the date of the filing of final account.

5. The trustees shall personally pay the costs of this action.

The matter of distribution of impounded assets is referred to the Probate Court, with instructions to proceed to make distribution according to law.

*Judgment accordingly.*

STEVENS, P. J., and DOYLE, J., concur.

STEVENS, P. J., HUNSICKER and DOYLE, JJ., of the Ninth Appellate District sitting by designation in the Seventh Appellate District.