GOODE, APPELLEE, *v.* FRALEY, APPELLANT.

[Cite as Goode v. Fraley, 8 Ohio App. 2d 23.]

(No. 8316—Decided June 7, 1966.)

*Mr. George E. Tyack* and *Mr. Michael F. Colley,* for appellee.

*Messrs. Sebastian, Fais & Durst* and *Mr. Rick E. Marsh,* for appellant.

DUFFY, J. The trial judge granted a motion for a new trial on November 27, 1965, but did not file the "causes for which such new trial" was granted until December 28, 1965. The court made all entries on the half sheet of the Columbus Municipal Court. The defendant, appellant herein, filed his notice of appeal on January 10, 1966.

The plaintiff, appellee herein, has filed a motion to dismiss, contending the notice of appeal should have been filed within

20 days from the sustaining of the new trial on November 27, 1965. The defendant contends that the motion for new trial was not sustained until the trial judge complied with Section 2321.17 of the Revised Code and set forth his reasons, in writing, for granting the new trial.

Since the statute places a mandatory duty on the trial judge, we believe the order of December 28, 1965, was the final order and the one appealable in this cause. See *Price* v. *McCoy Sales & Service, Inc.,* 2 Ohio St. 2d 131.

*Motion to dismiss overruled.*

BRYANT, P. J., and DUFFEY, J., concur.

DUFFEY, J., concurring. As a matter of procedural analysis, the order of November 27, 1965, can be characterized as either (1) an erroneous but final order, or (2) an incomplete order analogous to the granting of a demurrer without judgment or dismissal.

If it is considered a final order, the remedy for failure to give reasons as required by Section 2321.17, Revised Code, is a reversal, remand, statement of reasons and reappeal. The consequent lost motion in docketing two cases, transferring files, and the months of delay for processing would be a serious inconvenience to the litigants and a burden on the court.

Treating the order as incomplete and therefore nonfinal has many procedural advantages. Upon motion or *sua sponte,* the court could dismiss an initial notice of appeal as is now done in simple demurrer order cases. This avoids the necessity for normal processing such as assignments of error, briefs and oral hearing. It greatly facilitates the transfer of files.

For these reasons, and because I believe it will provide a more effective means of enforcing the party's right to a statement of reasons, I concur in holding that the final order here was not that of November 27, 1965, but that of December 28, 1965.