JIMINEZ ET AL., APPELLANTS, *v.* RAMOS, APPELLEE.

(No. 48780—Decided April 29, 1985.)

APPEAL: Court of Appeals for Cuyahoga County.

*Eugene Sidney Bayer,* for appellants.

*Jimmie Mack, Jr.,* for appellee.

Cox, J. This appeal arises from a judgment entered by the Cleveland Municipal Court, which granted the motion for new trial filed by appellee, Nephtali Ramos. The facts giving rise to this appeal as contained in the record provide the following:

On February 15, 1983, appellants, Esteban Jiminez and his wife, Irma Rivera, filed a complaint and jury demand against Nephtali Ramos, which alleged assault and battery, false imprisonment and malicious prosecution. On February 27, 1984, a jury trial commenced. On March 2, 1984, the jury returned verdicts favoring the defendant on the claim of assault and battery and for plaintiffs on the claims of malicious prosecution and false imprisonment. Appellants were awarded $10,000.

On March 13, 1984, appellee filed a motion to stay proceedings to enforce judgment and a motion for new trial and/or alternative motion for judgment notwithstanding the verdict.

On March 22, 1984, the court granted appellee's motion to stay and set an oral hearing on the motion for new trial. Appellants filed their brief in opposition to motion for new trial and alternative motion for judgment notwithstanding the verdict on March 26, 1984. Oral hearing on the motion for new trial was held April 20, 1984. On May 11, 1984, the court granted appellee's motion for new trial by postcard notice and judgment entry signed by Judge George Trumbo. On May 17, 1984, appellants filed a motion for reconsideration of the granting of the motion for new trial. On June 4, 1984, the trial court denied appellants' motion for reconsideration. Appellants filed their notice of appeal from the order granting new trial herein on June 11, 1984.

The entire proceedings during the trial were neither recorded by electronic device nor by court stenographers. Since there was no recording of the testimony of the witnesses, opening statements, motions for directed verdict and closing statements by either electronic device and/or court stenographer, there are no facts other than the mere allegations contained in the submitted briefs. These allegations leveled by both parties will not be considered upon review of this case.

On appeal, appellants assign one error:

"The trial court erred in granting defendant's motion for new trial when it failed to specify in its order in writing the grounds upon which such new trial was granted."

In their assignment of error, appellants contend that the court committed reversible error because the order granting a new trial failed to specify in writing the grounds for which it was granted pursuant to Civ. R. 59(A). This contention is well-taken.

Judge Trumbo's ruling was sent to counsel by postcard dated May 11, 1984. The judgment entry signed and journalized by the court also on May 11, 1984 states:

"Defendant's Motion for New Trial is hereby granted. Case to be reset for trial."

Neither the postcard entry nor the journal entry signed by the judge states any ground or reason for granting defendant's motion for new trial. There is no subsequent entry by the court despite the fact that appellants specifically brought to the court's attention the requirement of written grounds for granting of such a motion.

Civ. R. 59(A) states in pertinent part:

"When a new trial is granted, the court shall specify *in writing* the grounds upon which such new trial is granted." (Emphasis added.)

Ohio case law supports the appellants' contention. In *Price* v. *McCoy Sales & Service, Inc.* (1965), 2 Ohio St. 2d 131 [31 O.O.2d 229], the Ohio Supreme Court held in paragraph two of its syllabus:

"The trial court must specify *in writing* the causes for which a new trial is granted. (Section 2321.17, Revised Code.)" (Emphasis added.)

Furthermore, in *State* v. *Williams* (1966), 8 Ohio App. 2d 258 [37 O.O.2d 248], the court referred to R.C. 2321.17 and found that a trial court commits reversible error when it fails to specify in writing the reasons for granting the new trial. See *Goode* v. *Fraley* (1966), 8 Ohio App. 2d 23 [37 O.O.2d 11] (R.C. 2321.17 places a mandatory duty on the trial judge to set forth his reasons in writing when granting a new trial). See, also, *Musca* v. *Chagrin Falls* (1981), 3 Ohio App. 3d 192.

Counsel for the appellee states at one point that absent a record of the proceedings, any statements made are "mere allegations." Yet, later in his brief, he proceeds to list all the reasons why, in fact, the judge granted his motion despite the fact that he has no record to support his "mere allegations."

In the case *sub judice,* the trial judge did *not* specify in writing any grounds for granting appellee's motion for new trial. Without written grounds for such ruling, the appellants are unable to cite error by the trial court in granting a new trial.

Accordingly, appellants' assignment of error is well-taken.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

JACKSON, P.J., and ANN MCMANAMON, J., concur.

COX, J., of the Seventh Appellate District, sitting by assignment in the Eighth Appellate District.