**Levering**
**v.**
**Levering**
*[Cite as 2 AOA 141]*

*Case No. 14-88-22*
*Union County, (3rd)*
*Decided March 12, 1990*

*Civ. R. 59(A)*

*Mr. Dennis Day Lager, Attorney at Law, 122 W. Chillicothe Street, Bellefontaine, Ohio 43311, For Appellant.*

*Mr. R. Larry Schneider, Attorney at Law, P. O. Box 231, 111 West Sixth Street, Marysville, Ohio 43040, For Appellee.*

SHAW, J.

This is an appeal by the defendant-appellant, Carol A. Levering, from a judgment of the Common Pleas Court of Union County, granting plaintiff-appellee's motion for a new trial in a divorce action on September 15, 1988.

The parties were married on June 23, 1979. During their marriage, two children were born, who, at the time of trial were ages 8 and 6.

On October 20, 1987, the appellee filed his complaint for divorce. Final hearing was held on April 1, 1988, and the court filed a written

"Decision" on May 13, 1988, in which it was announced that the appellant was granted a divorce on the grounds of gross neglect and extreme cruelty. The final Judgment Decree of Divorce was filed on May 31, 1988. The appellant was awarded custody of the children, child support in the amount of $117.09 each week and $50.00 per week for babysitting services. A division of the marital property was also ordered. Neither party was awarded alimony.

On June 2, 1988, the appellee filed a motion for a new trial pursuant to Rule 59(A) of the Ohio Rules of Civil Procedure. This motion was granted by the trial court on September 15, 1988.

The appellant now sets forth the following assignments of error:

### ASSIGNMENT OF ERROR ONE
CIVIL RULE OF 59 REQUIRES THAT A MOTION FOR A NEW TRIAL SHALL BE SERVED NOT LATER THAN 14 DAYS *AFTER* THE ENTRY OF JUDGMENT. SINCE THE RULE CONTEMPLATES THAT A MOTION FOR NEW TRIAL SHALL FOLLOW THE ENTRY OF JUDGMENT, THERE IS NO BASIS FOR GRANTING A NEW TRIAL ON THE GROUNDS THAT SUCH MOTION FOR A NEW TRIAL WAS FILED PRIOR TO THE ENTRY OF JUDGMENT.

### ASSIGNMENT OF ERROR TWO
THE TRIAL COURT BASED ITS ORDER FOR A NEW TRIAL ON ERRONEOUS FACT OF SEQUENCE OF FILING OF JUDGMENT OF DIVORCE AND FILING DATE OF MOTION FOR NEW TRIAL, HENCE THERE WERE NO FACTS IN SUPPORT OF SAID ORDER UNDER THE SUBSECTIONS OF CIVIL RULE 59 FOR THE GRANTING OF SUCH ORDER FOR A NEW TRIAL.

### ASSIGNMENT OF ERROR THREE
THE TRIAL COURT CONDUCTED NO HEARING ON THE MOTION FOR NEW TRIAL, THE MOTION FOR NEW TRIAL WAS NOT SUPPORTED BY AFFIDAVITS OR OTHER PROOF, AND THE ORDER WAS NOT BASED ON THE *EX PARTE* AFFIDAVITS OF THE PARTIES. THIS BEING SO, THE TRIAL COURT COMMITTED PREJUDICIAL ERROR IN MAKING AN ORDER FOR NEW TRIAL IN THE CIRCUMSTANCES.

Under her first two assignments of error, the appellant contends that the granting of a motion for a new trial was erroneous because the procedural requirements of Civ. R. 59(A) were not complied with. Specifically, the appellant claims that the trial court committed reversible error when it failed to specify in writing the reasons for granting the new trial.

In the trial court's September 15, 1989, Judgment Entry granting the new trial, the trial court failed to set forth any grounds or reasons for its judgment, stating simply:

"The Court being unaware a motion for new trial had been filed prior to the signing of the judgment entry in this case, It is hereby ordered, a new trial be, and hereby is, granted...."

Nor is there any subsequent entry by the trial court setting forth its basis for granting the new trial.

Civil R. 59(A) states in pertinent part:

"When a new trial is granted, the court *shall* specify *in writing* the grounds upon which such new trial is granted." (Emphasis added.)

The appellee states that "the sole issue is whether or not the Trial Court abused its discreation in its Judgment Entry dated September 15, 1988 granting a new trial to the Plaintiff-Appellee." However, while the granting of a motion for a new trial rests in the sound discretion of the trial court, Civ. R. 59(A) also makes it mandatory for the trial court to first explain the basis for the decision granting a new trial. Failure to do so constitutes reversible error. See, *Antal* v. *Olde Worlde Products* (1984), 9 Ohio St, 3d 144 ; *Jiminez* v. *Ramos* (1985), 25 Ohio App. 3d 58 ; *Allis-Chalmers Credit Corp.* v. *Majestic Steel Serv., Inc.* (1984), 14 Ohio APP. 3d 325.

This authority is based, *inter alia,* upon the rationale that the scope of review on appeal is controlled by the grounds set forth by the trial court. *Allis-Chalmers, supra* at 326. This is particularly true where, as here, the appellee asserted numerous grounds in his motion for a new trial, ranging from newly discovered testimony and conduct of counsel, to the weight of the evidence. The failure of the trial court to address any of these grounds makes it impossible for a reviewing court to properly determine whether or not the trial court did in fact abuse its discretion in ordering a new trial. See, *Antal* v. *Olde Worlde Products, supra.*

The appellee also asserts that the trial judge, in its judgment entry granting the new trial, inadvertently transposed "new trial" when it really meant to grant the appellee-plaintiff's motion for reconsideration which had been filed prior to the Entry of the Judgment Decree of Divorce. This contention is without merit. It has

been long held that a court speaks only through its judgments and orders. The journal of a court is its ultimate decision, and stands as correct until modified in the proper manner. Where there is a conflict as to the interpretation of a court's judgment or order, the plain meaning of the words will control.

Thus, appellant's first and second assignments of error are well taken.

In her third assignment of error, the appellant asserts that the trial court failed to conduct a hearing on the motion for the new trial, and that the motion for new trial was submitted without supporting affidavits or other proof.

The appellant relies on Civ. R. 59(D) in support of her claims that the trial court erred in granting the new trial. However, this contention is without merit. The requirements of Civ. R. 59(D) pertain to the *sua sponte* authority of the trial court to grant a new trial. See, *Musca* v. *Chagrin Falls* (1981), 3 Ohio App. 3d 192. In this case, the motion was brought before the court by the plaintiff-appellee. Appellant's third assignment of error is not well taken.

However, since the trial court failed to comply with the mandates of Civ. R. 59(A), we must reverse and remand this case to the trial court with instructions to reconsider the motion for a new trial consistent with this opinion and Civ. R. 59.

*Judgment reversed.*

BRYANT and EVANS, JJ., Concur.