Weygandt, C. J.
 

 The sole question now before this court for consideration is whether the Court of Appeals was in error in dismissing the plaintiff’s appeal on questions of fact and law on the ground that it is without appellate jurisdiction in the trial of chancery cases.
 

 Perhaps it should be noted that counsel concede this to be a chancery case.
 

 Previous to January 1,1945, Section 6 of Article IV of the Constitution of Ohio read in part as follows:
 

 ‘ ‘ The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts and other courts of record within the district as may be provided by law. * * * ? J
 

 
 *223
 
 On the foregoing- date the following amendment became effective:
 

 “The Courts of Appeals shall have original jurisdiction in quo warranto, mandamus, habeas corpus, prohibition and procedendo, and
 
 such jurisdiction as may be provided by law
 
 to review, affirm, modify,
 
 set aside,
 
 or reverse judgments
 
 or final orders
 
 of
 
 boards, commissions, officers, or tribunals,
 
 and
 
 of
 
 courts of record
 
 inferior to the Court of Appeals
 
 within the district, * * #.
 
 All latvs notv in force, not inconsistent herewith, shall continue in force until amended or repealed;
 
 * # * y? (ita¡icg supplied to indicate new language.)
 

 It is the contention of the defendants that the effect of this amendment is to abolish completely Jhe jurisdiction of the Courts of Appeals except as to the enumerated original actions, and that those courts will have no appellate jurisdiction unless and until provision therefor is made by legislative enactment by the General Assembly of Ohio.
 

 To so construe the amendment would imply an intention on the part of its proponents to precipitate chaos in the appellate courts of this state at a time when there could be no relief therefrom unles^ the General Assembly might see fit to take action. There would be no possibility of taking a case from the trial court to either the Court of Appeals or this court. It seems highly improbable that so fantastic a result was intended; and a careful study of the amendment in its entirety, as there must be, so discloses. The expressed intention is to accomplish the simple result of empowering the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do; and unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted. Apparently this was the construction likewise placed upon this language by the General Assembly itself when by its joint resolution it submitted the
 
 *224
 
 amendment to the people more than two years ago, because no legislative action has been taken in the meantime with reference thereto. Then, too, the sponsors of the amendment issued a statement to the people explaining, as quoted in the briefs, that “this amendment does not eliminate the trial
 
 de novo.”
 

 In the provision that “all laws now in force, not inconsistent herewith, shall continue in force until amended or repealed” it is apparent that in this instance the people employed the word “laws” in its broad, generic sense to include both constitutional and statutory laws of the state, as is true in Section 10 of Article I of the Constitution of the United States prohibiting", t¿ae passing of any “law impairing the obligation of contracts.” The “laws now in force” were the constitutional and statutory provisions in effect at .the time the amendment was adopted, and they are in no sense inconsistent with the expressed purpose to empower the General Assembly to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do. As expressly stated, they “shall continue in force until amended or repealed.” They have not since been amended or repealed. They then provided for appellate jurisdiction in the trial of chancery cases, and inasmuch as the General Assembly has not exercised its new power to .change this jurisdiction, it remains the same.
 

 The Court of Appeals was in error in dismissing the plaintiff’s appeal on questions of fact and law, and hence the case is remanded to that court for the purpose of a trial
 
 de novo.
 

 Judgment reversed.
 

 Zimmerman, Bell, Turner, Matthias and Hast, JJ., concur.
 

 Williams, J., dissents.