DOUGHERTY, APPELLANT, *v.* DOUGHERTY, APPELLEE.

(No. 4450—Decided April 28, 1954.)

*Messrs. Myers, Myers & Myers,* for the motion.
*Mr. L. E. Gaylord, Mr. Michael A. Fanelly* and *Mr. D. W. Alexander,* contra.

HUNSICKER, J. This matter comes before the court on a motion filed by Denville J. Dougherty, in which he asks that the appeal on questions of law and fact filed by Harriett E. Dougherty be dismissed, for the reason that the appeal is taken from a judgment for divorce and alimony, which proceeding is not subject to an appeal on questions of law and fact.

The appellant, Harriett E. Dougherty, with leave of court, amended her notice of appeal to show that the appeal is taken only from that portion of the judgment ordering the payment of an inadequate and insufficient amount of alimony and attaching conditions thereto, and ordering that plaintiff deed to defendant her interest in property owned by her.

The appellee, Denville J. Dougherty, renewed his motion to the notice of appeal as amended. On such state of the proceedings, the matter is before this court for disposition.

The appellant, Harriett E. Dougherty, insists that, since the amendment of Article IV, Section 6, of the Constitution of Ohio (effective January 1, 1945), and the subsequent enactment (effective August 28, 1951) by the Legislature of Section 8003-21, General Code (now Section 3105.20, Revised Code), the appeal from the judgment herein may be taken on questions of law and fact.

The question which we must determine is whether an appeal from a judgment for alimony is now, by virtue of the above-noted amendment of the Constitution and the statutes, subject to an appeal on questions of law and fact.

Article IV, Section 6, of the Constitution of Ohio says, in part:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders

\* \* \* of courts of record inferior to the Court of Appeals \* \* \*.''

Section 8003-21, General Code (now Section 3105.20, Revised Code), said, in part:

''\* \* \* In any matter concerning domestic relations, the Court of Common Pleas shall not be deemed to be deprived of its full equity powers and jurisdiction.''

Did the Legislature change the appellate jurisdiction in divorce and alimony cases by enacting, as a part of the statute (Section 8003-21, General Code), the statement above set out?

In *Youngstown Municipal Ry. Co.* v. *City of Youngstown,* 147 Ohio St., 221, 70 N. E. (2d), 649, the court said:

''1. Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

''2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted.''

In the case of *Roper* v. *No-Leak Roofing & Paint Co.,* 94 Ohio App., 335, at p. 337, 115 N. E. (2d), 185, the court said:

''Whether a given action is one in chancery or at law has vexed the courts of Ohio for many years. Numerous cases illustrate the problem. These cases illustrate also the application of the rule that the character of the action is determined from the issues raised by the pleadings and the relief sought.''

The appellate court was stating again what the Supreme Court of Ohio has determined in many cases, for it is well settled that the question as to whether a proceeding is a case in chancery or an action at law is to be determined from the pleadings and from the is-

sues established by those pleadings. *Gantz* v. *Village of Louisville,* 155 Ohio St., 425, 99 N. E. (2d), 308; *Connelly, Trustee,* v. *Balkwill,* 160 Ohio St., 430, 116 N. E. (2d), 701.

"1. A chancery case is one in which, according to the usages and practices in courts of chancery prior to and at the time of the adoption of the code of civil procedure, remedies were awarded in accordance with the principles of equity and not in accordance with rules of law. * * *" *In re Estate of Stafford,* 146 Ohio St., 253, 65 N. E. (2d), 701.

An examination of the pleadings filed in the trial court discloses that the petition sought a divorce, division of property, and an award of alimony. There was a request for "such other and further relief" as the plaintiff below might be entitled to receive, but such general allegation did not change the nature of the relief asked. The cross-petition also sought a divorce, and an injunction to restrain the disposition of any property during the pendency of the case.

There was no occasion for the trial court, except as to the injunction, to exercise any equity powers. Divorce and alimony are creatures of statute, and they exist in this state only by reason of legislative enactment. They do not usually call upon the courts to exercise general equity powers. They are not chancery proceedings. *Marleau* v. *Marleau,* 95 Ohio St., 162, 115 N. E., 1009; *Durham* v. *Durham,* 104 Ohio St., 7, 135 N. E., 280.

Situations sometimes arise in a divorce and alimony matter wherein the trial court may be called upon to exercise general equity powers, such as determining the equitable owner of property where the legal title is in a third person party to the divorce action. In such a situation, the domestic relations case will bring before the court issues other than the controversy be-

tween husband and wife. It was for the purpose of affording full relief in such matters that the sentence above quoted from the statute (Section 8003-21, General Code) was enacted. This statute did· not grant power, but said that the Court of Common Pleas in a domestic relations case "shall not be deemed to be deprived of its full equity powers and jurisdiction."

Courts of Common Pleas have equity powers and jurisdiction, but in cases heard by such courts there is not, for that reason, the right to appeal on questions of law and fact. The right to exercise "equity powers and jurisdiction" does not make such causes chancery actions. If the contention of the appellant, Dougherty, were true, in all matters heard by a court having equity powers there would *ipso facto* be the right of appeal on questions of law and fact.

We therefore determine that the appeal in the instant case does not lie on questions of law and fact.

The appeal on such questions shall be dismissed, but it shall be retained on questions of law only. The appellant will be given 30 days to file his bill of exceptions. The costs incurred on the filing of the motion to dismiss, the amended notice of appeal, and the disposition of said motion, will be assessed against the appellant, Harriett E. Dougherty.

*Judgment accordingly.*

DOYLE, P. J., and STEVENS, J., concur.