**FOUT, Plaintiff-Appellee, v. HOLLAND, Defendant-Appellant.**

Ohio Appeals, Second District, Clark County.

No. 533.   Decided November 5, 1956.

Robert G. Bayley, Thomas T. Taggart, Springfield, for plaintiff-appellee.

Durfey, Martin, Browne & Hull, Springfield, for defendant-appellant.

### OPINION

By THE COURT:

This is a law appeal from a judgment of the Common Pleas Court

for Clark County rendered upon the verdict of a jury in favor of the plaintiff. The action was one for damages for personal injuries arising out of a collision between the automobiles of the plaintiff and of the defendant at the intersection of North Hampton Pike and Sintz Road.

Three alleged errors are assigned:

(1) That the court erred in overruling the defendant-appellant's motion for a mistrial on the basis of plaintiff-appellee's counsel, misconduct on voir dire examination.

(2) The court erred in refusing to give defendant's written request for special instructions before argument.

(3) That the verdict of the jury and the judgment of the court thereon is contrary to law and manifestly against the weight of the evidence.

In looking to the first assigned error we find the record reveals that on the voir dire examination of six prospective jurors the following question was asked by counsel for the plaintiff:

"I would like to ask you if you or any member of your family is employed by or interested in any mutual automobile casualty company; and by interested in, I mean that if you carry automobile liability insurance in a mutual insurance company, then you are interested."

The question with which we are confronted is whether or not the court erred in overruling defendant's motion for a mistrial. We are of the opinion that the question was permissible under the rule laid down in the case of **Dowd-Feder, Inc. v. Truesdell, 130 Oh St 530**, which permits the jury to be interrogated concerning "any connection with or interest in a casualty insurance company." In propounding such a question it does not appear that it would be improper to explain what would constitute "an interest," provided the question was propounded in good faith. The character and scope of such questions cannot become standardized but must be controlled by the court in the exercise of its sound discretion. Ibid. See also **Morrow v. Hume, Admx., 131 Oh St 319; Salerno v. Oppman, 52 Oh Ap 416.** We are, therefore, of the opinion the court committed no prejudicial error in overruling the plaintiff's motion.

Turning next to the second assignment of error the record reveals that the defendant requested that the court give its special charge No. 1 to the jury before argument, which request was refused. This charge provides:

"1. I charge you that it is the law that no person shall drive any motor vehicle in and upon any street or highway at a greater speed than will permit him to bring it to a stop within the assured clear distance ahead.

"If you find by the preponderance of the evidence that by reason of the rise in the Springfield-North Hampton Road north of the Sintz Road, Mrs. Fout's (Crow's) view of the traveled portion of the highway was cut off, the assured clear distance ahead applies, Mrs. Fout (Crow) was required to operate her motor vehicle at such speed that it could be brought to a stop within the seeable distance."

Although the first paragraph correctly states the law applicable as to the defendant's theory of the case, the application of the rule to the

rise in the road, which is approximately 200 feet from the intersection, is confusing. The only question presented here was the manner in which the plaintiff approached the intersection, she being required to be able to bring her car to a stop within the assured clear distance ahead when arriving there in case a discernible object should be stationed in her pathway. The charge as requested could have been interpreted as relating to her speed as she approached the crest of the hill which was not an issue. The accident occurred at the intersection and it was at this point the plaintiff was required to have her car under control as defined, supra. We find no prejudicial error in this assignment.

In considering the third assignment, we have carefully examined the entire record and are of the opinion that the judgment was neither against the manifest weight of the evidence nor contrary to law.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.