TAYLOR ET AL., COMMISSIONERS OF MADISON COUNTY, APPELLEES, *v.* DICKERSON, APPELLANT, ET AL.*

(No. 263—Decided February 10, 1960.)

*Mr. Forrest E. Sidener,* prosecuting attorney, and *Mr. James B. Patterson, Jr.,* for appellees.

*Mr. Robert S. Olinger* and *Messrs. Wright, Harlor, Purpus, Morris & Arnold,* for appellant.

CRAWFORD, J. Plaintiffs, appellees herein, gave notice of election to present as their evidence in this case the "statement of facts" originally stipulated by and between the parties in the Court of Common Pleas, along with the exhibits attached thereto and made a part thereof. The defendant appealing objects to admission of the stipulation here.

The single question before us is whether in an appeal on questions of law and fact a stipulation of facts entered into between the parties at the trial in the Court of Common Pleas may be brought to this court by one of the parties as part of the record in the trial court, over the objection of the other party.

Questions of the availability of an appeal on questions of law and fact and the proper procedure to be followed therein

---

*For opinion on merits, see 113 Ohio App., 344.

have produced a variety of impressive legal opinions and important constitutional and statutory changes.

The portion of Section 6 of Article IV of the Ohio Constitution which pertains to the jurisdiction of the Court of Appeals was amended effective January 1, 1945, by omitting therefrom the words, ''and appellate jurisdiction in the trial of chancery cases,'' and by vesting in the Legislature authority to provide what appellate jurisdiction that court shall exercise. Section 6 now provides in pertinent part (unaffected by the further amendment approved at the election of November 3, 1959) as follows:

''The Court of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers or tribunals, and courts of record inferior to the Court of Appeals within the district * * *.''

The power thus conferred upon the Legislature was recognized in the case of *Youngstown Municipal Ry. Co.* v. *City of Youngstown*, 147 Ohio St., 221, 70 N. E. (2d), 649, cited by counsel, in the following words contained in the syllabus:

''1. Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, empowers but does not require the General Assembly to change the appellate jurisdiction of the Courts of Appeals.

''2. Unless and until there is such legislative action, the appellate jurisdiction of the Courts of Appeals remains as it was at the time the amendment was adopted.''

It had been seriously and ably contended that the amendment of Section 6, Article IV, in 1945, completely abolished all trials *de novo* in the Court of Appeals by eliminating the provision for appeal in chancery cases and by empowering the Legislature to provide the jurisdiction ''to review, affirm, modify, set aside, or reverse judgments or final orders,'' and limited the jurisdiction, which the Legislature might provide, to the review of judgments and final orders of the lower courts.

But the Supreme Court declined to adopt this theory by declaring, as we have just seen, that full power to fix the jurisdiction now resides in the Legislature. Hence, even if the constitutional amendment did not do so, the Legislature may abol-

ish altogether appeals on questions of law and fact and trials *de novo*. It is axiomatic, therefore, that it may specify and limit the classes of cases in which there may be appeals on questions of law and fact, as it has done by enacting Section 2501.02, Revised Code, and that it may regulate the procedure in such cases, as it has done by enacting Section 2505.21, Revised Code.

Hence, since the Legislature may provide for a trial *de novo*, it may authorize a "hearing and determination of the facts *de novo*," explain its use of that term, and prescribe the procedure to be followed in connection therewith.

Such an enactment is to be found as follows in the last paragraph of Section 2505.21, Revised Code, effective October 4, 1955:

"An appeal taken on questions of law and fact entitles the party to a hearing and determination of the facts *de novo* which shall be upon the same or amended pleadings. The court shall review the final order, judgment or decree upon such part of the record made in the trial court as any party may present to the court and such additional evidence as upon application in the interest of justice the court may authorize to be taken, such evidence to be presented in the manner and form prescribed by the court."

It must be conceded that the idea of a true trial *de novo*, as we understand that term, is inconsistent with the provisions of the last sentence in the paragraph just quoted. We think of a trial *de novo* and of a review as mutually exclusive terms. And if we are to proceed in part upon the record or a portion of the record made in the trial court, and in part upon limited additional evidence, such procedure does violence to our original conception of a trial *de novo*.

Nevertheless, the language of the Constitution, as interpreted by the Supreme Court, empowers the Legislature to prescribe a hybrid procedure in such terms as it chooses to use and define.

In the so-called hearing and determination of the facts *de novo* as provided in Section 2505.21, Revised Code, the right is clearly given to any party to present to the court such part of the *record* made in the trial court as he may desire. The stipulation is part of the record. Therefore, it is the right of either party to present it as such.

Rule V of the Court of Appeals was framed with a view to carrying out the provisions of Section 2505.21, Revised Code, and was adopted subsequent to the enactment of that statute in its present form. The rule employs the term, "evidence," rather than "record." Whether a stipulation of facts should be considered as evidence or as something introduced into the record in lieu of evidence, it would appear to fall within the spirit of Rule V, which is in this respect dependent upon the provisions of Section 2505.21, Revised Code, for its validity.

In any event, the stipulation being part of the record, the statute makes it available to either party upon appeal.

Appellant argues the existence of a constitutional right to a trial *de novo*. The only possible basis we can see for this contention was the practice under the earlier provision for appeals in chancery cases, which was eliminated by the amendment of 1945. The Constitution now contains no specific guarantee of such right.

In observance of the procedure outlined in the statute (Section 2505.21), we must permit the presentation of the record, and the motion so to do is sustained.

*Motion sustained.*

WISEMAN, P. J., and KERNS, J., concur.

(Decided May 21, 1960.)

ON APPLICATIONS to present evidence.

*Per Curiam.* This is an appeal on questions of law and fact. The appellees elected to present as their evidence the agreed statement of facts filed in the trial court as prescribed by Section 2505.21, Revised Code. The appellant interposed an objection which was overruled.

The appellant has now filed an application to present evidence in addition to the agreed statement of facts and has set forth in the application the subject matter of such additional evidence and the reason for its admission as provided in Rule V A. No objection was interposed. The court finds that it would

be in the interest of justice to admit such evidence, and the application is hereby granted.

The appellees have filed an application to present evidence in addition to the agreed statement of facts and have set forth in the application the subject matter of such additional evidence and the reason for its admission. The appellant interposed an objection, claiming that appellees should not be permitted to present additional evidence for the reason that they elected to present the agreed statement of facts as their evidence. The point is made that the appellees are bound by the entry heretofore filed in this case, in which the court overruled the objection of appellant to the election of appellees to present the agreed statement of facts filed in the trial court. This entry states that the cause came on to be heard "upon the notice of plaintiffs-appellees stating their election to present, *as their evidence in this case*, a 'statement of facts,' etc." The appellant contends that the words, "as their evidence in this case," should be construed as if they read, " as *all of* their evidence in this case," and not "as a part of their evidence in this case." We do not agree for two reasons. First, the entry does not state that the statement of facts would be presented by appellees as *all* of their evidence, and we are averse to reading into the entry a provision which is not there. The words, "as their evidence," do not limit the quantum of evidence to be presented. Second, counsel not being able to agree on an entry, the court drew the entry which gives rise to this controversy. In both entries presented by counsel the words used were, "as a part of their evidence." Certainly, this fact is strong evidence that counsel did not intend to limit the quantum of evidence to be presented by appellees; it is affirmative proof that counsel at the time intended the statement of facts to be presented only as *a part* of their evidence. Furthermore, the court never intended to bar the appellees of the right to present additional evidence. In drawing the entry, the court unintentionally omitted the words, "a part of," which are found in the entries submitted by counsel. The court orders the entry filed April 14, 1960, to be amended to read, "as a part of their evidence." The objection to the application is not well grounded.

We find that it would be in the interest of justice to admit

344

such evidence. The objection is overruled. The application is hereby granted.

*Applications granted.*

Wiseman, P. J., Crawford and Kerns, JJ., concur.