Price, Appellant, *v.* McCoy Sales & Service, Inc., et al., Appellees.

(No. 38494—Decided May 5, 1965.)

*Messrs. Sindell, Sindell, Bourne & Markus* and *Mr. Richard M. Markus*, for appellant.

*Mr. Thomas B. Hayes, Mr. Merle M. Agin* and *Mr. Richard D. Dickey*, for appellees.

HERBERT, J. The question for determinatinon presented by the record in this action may be stated as follows:

Was the order entered by the trial court setting aside the jury verdict and granting the motion for a new trial, filed by McCoy, a final appealable order?

If it was, the judgment of the Court of Appeals should be reversed. If it was not a final appealable order, then the judgment of the Court of Appeals should be affirmed, and the cause remanded to the trial court for a new trial.

It is an understatement to say that this court has experienced considerable difficulty during the past years in relation to the matter of review of an order setting aside a verdict of a jury, vacating a judgment thereon and granting a motion for a new trial without opportunity of appeal from such order. The problem had its origin in the Consitutional Convention of 1912. Prior thereto, appellate jurisdiction had been lodged in the Circuit Court by the General Assembly under its then constitutional authority. In 1912, our present Courts of Appeals were created by amendment to the Constitution which granted them "appellate jurisdiction in the trial of chancery cases, and, to review, affirm, modify, or reverse the judgments of the Courts of Common Pleas, Superior Courts, and other courts of record within the district as may be provided by law."

This court, in construing this constitutional grant of power, decided that the Courts of Appeals derived their jurisdiction solely from the Constitution, and that the General Assembly had no power, right or authority to enlarge, limit or change such jurisdiction of the Courts of Appeals.

The General Assembly, in 1937, enacted an amendment to Section 12223-2 of the General Code (now 2505.02, Revised Code), providing that "* * * vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order" and therefore appealable.

This court, in *Hoffman* v. *Knollman* (1939), 135 Ohio St. 170, decided that this enactment by the General Assembly was

in conflict with Section 6 of Article IV of the Constitution and of no effect. This decision re-established the principle of law previously announced by this court that the granting of a motion for a new trial upon a general verdict of a jury was not a final order and, therefore, was not appealable.

An amendment to Section 6, Article IV of the Constitution, was submitted to the people and adopted by them on November 7, 1944, which, in part, provided:

"The Courts of Appeals shall have * * * such jurisdiction as may be provided by law to review, affirm, modify, set aside, or reverse judgments or final orders of boards, commissions, officers, or tribunals, and of courts of record inferior to the Courts of Appeals within the district * * *."

It is unnecessary to discuss at length the developments in the differences between the General Assembly and this court in respect to the jurisdiction of the Courts of Appeals. Suffice it to say that following the adoption of the amendment to Section 6, Article IV of the Constitution in 1944 (effective January 1, 1945), the General Assembly enacted legislation of far-reaching importance in respect to its power to change the appellate jurisdiction of the Court of Appeals. Section 11575 of the General Code, now 2321.17, Revised Code, as amended in 1957, provides that the trial court must specify in writing the causes for which a new trial is granted. Section 11578 of the General Code (now 2321.19, Revised Code), Section 11599, General Code (now 2323.15, Revised Code) and Section 12223-2, General Code (now 2505.02, Revised Code) were duly enacted. The latter section having been declared unconstitutional by this court in *Hoffman, supra* (1939), it was amended by the General Assembly (1947) to read in part:

"* * * an order vacating or setting aside a judgment and ordering a new trial *is a final order* which *may be reviewed, affirmed, modified, or reversed,* with or without retrial * * *." (Emphasis added.)

*Youngstown Municipal Ry. Co.* v. *City of Youngstown* (1946), 147 Ohio St. 221, was the first case in which this court was called upon to construe Section 6 of Article IV of the Constitution, as amended by the people on November 7, 1944. The first paragraph of the syllabus reads:

"1. Section 6 of Article IV of the Constitution of Ohio, as amended November 7, 1944, *empowers* \* \* \* *the General Assembly to change the appellate jurisdiction of the Courts of Appeals.*" (Emphasis added.)

At page 223 in the opinion, Weygandt, C. J., said:

"\* \* \* The expressed intention [of the amendment] is to accomplish the *simple result of empowering the General Assembly* to change the appellate jurisdiction of the Courts of Appeals if it should desire so to do \* \* \*." (Emphasis added.)

The decision in *Youngstown, supra,* was handed down by a divided court. Williams, J., alone dissenting.

It was "approved and followed" in the second paragraph of the syllabus in *Pilgrim Distributing Corp.* v. *Galsworthy, Inc.,* 148 Ohio St. 567, and followed in *Meyer* v. *Meyer,* 153 Ohio St. 408, at pages 414 and 417, by a unanimous court. Taft, C. J., then judge, delivered the opinion of the court and cited with approval the principle of law set out in the first paragraph of the syllabus in *Youngstown, supra,* although he did not agree with the second paragraph of the syllabus, which, however, is not material to the case at bar.

*Kelley, a Minor,* v. *Runyan* (1959), 170 Ohio St. 94, lays down this principle of law in paragraph one of the syllabus:

"Under the provisions of *Section 2505.02, Revised Code, an order affecting a substantial right made in a special proceeding is a final order.*" (Emphasis added.)

Here again is recognized the grant of power by the Constitution to the General Assembly to change the jurisdiction of or confer jurisdiction upon the Courts of Appeals.

*Humphrys* v. *Putnam,* 172 Ohio St. 456, recognizes the grant of power in respect to jurisdiction of the Courts of Appeals in equity that the amendment to Section 6 of Article IV of the Consitution conferred upon the General Assembly on November 7, 1944. The syllabus reads:

"An order of the Court of Appeals dismissing an appeal as one on questions of law and fact but retaining such appeal as one on questions of law, pursuant to the provisions of Section 2505.23, Revised Code, does not constitute a final order from which an appeal can be taken."

As late as July of 1964, this court recognized the power of

the General Assembly to confer "additional jurisdiction upon Courts of Appeals."

In *Hawkins* v. *Hawkins* (1964), 176 Ohio St. 469, at page 471 in the opinion, it is said:

"In 1961, the General Assembly amended Section 2501.02 of the Revised Code by making style deviations but not otherwise changing the effect of the statute which *conferred additional jurisdiction upon the Courts of Appeals as follows*:

"'* * * in addition to the original jurisdiction conferred by Section 6 of Article IV, Ohio Constitution * * *.'"

Not only has this court in several instances approved and relied upon the doctrine of *Youngstown*, but such doctrine has received favorable consideration by inferior courts quite generally. Shepard's Ohio Citations cites the *Youngstown case* in 97 instances in the reports.

However, in 1951, this court decided *Green* v. *Acacia Mutual Life Ins. Co.*, 156 Ohio St. 1, announcing a principle of law in direct conflict with the doctrine set out in *Youngstown, supra.* Unfortunately, the late Judge Stewart, who spoke for the majority, did not refer to *Youngstown* or discuss it in any manner. The syllabus is in this language:

"1. The amendment of Section 6, Article IV of the Constituiton of Ohio, adopted *November 7, 1944,* and effective January 1, 1945, is the sole source of jurisdiction of the Court of Appeals and such jurisdiction cannot be enlarged by the General Assembly. The latter may legislate as to the jurisdiction of the Court of Appeals to review, affirm, modify, set aside or reverse final orders or judgments of boards, commissions, officers, tribunals or courts of record inferior to the Court of Appeals, but it has no authority to confer on the Court of Appeals jurisdiction to review any orders which do not constitute final orders or judgments.

"2. Where a judgment is entered upon the verdict of a jury, under Section 11599, General Code [now 2323.15, Revised Code] * * * the judgment is under the control of the trial court until it passes upon the motion for new trial.

"3. Where the trial court grants a motion for a new trial, the judgment entered upon a verdict is set aside and is no longer in existence.

· "4. An order granting a new trial upon motion made in accordance with Section 11578, General Code [now 2321.19, Revised Code], is not a final determination of the rights of the parties and does not constitute a judgment or final order, the General Assembly has no power or authority to provide for an appeal from such order, and Section 12223-2, General Code [now *2505.02, Revised Code*], providing that 'an order vacating or setting aside a judgment and ordering a new trial, is a final order,' is in conflict with Section 6, Article IV of the Ohio Constitution."

The late Judge Stewart delivered the majority opinion. Judge Zimmerman wrote a separate dissent as did the late Judge Hart concurred in by the late Judge Edward S. Matthias. In view of the thoroughness of the research, as manifested in the majority and the dissenting opinions, further analysis of the question would be of doubtful value with the possible exception that in *Gray v. Youngstown Municipal Ry. Co.*, 160 Ohio St. 511, Judge Zimmerman, speaking for the court, at page 515 in the opinion, said:

"The court has heretofore held that where in the course of a trial a defendant appropriately moves for a directed verdict, which motion or motions are overruled, a verdict is returned for the defendant, and plaintiff's motion for a new trial is sustained, *there emerges from such sequence of events a final appealable order.* See *Hubbuch v. City of Springfield*, 131 Ohio St. 413, 3 N. E. 2d 359, and *Murphy, a Minor, v. Pittsburgh Plate Glass Co.*, 132 Ohio St. 68, 4 N. E. 2d 983. Compare *Hocking Valley Mining Co. v. Hunter*, 130 Ohio St. 333, 199 N. E. 184; *Michigan-Ohio-Indiana Coal Assn. v. Nigh, Admx.*, 131 Ohio St. 405, 3 N. E. 2d 355; *Cincinnati Goodwill Industries v. Neuerman*, 130 Ohio St. 334, 199 N. E. 178; *Durbin v. Humphrey Co.*, 133 Ohio St. 367, 14 N. E. 2d 5; *Jacob Laub Baking Co. v. Middleton*, 118 Ohio St. 106, 160 N. E. 629; *Jolley v. Martin Bros. Box Co.*, 158 Ohio St. 416, 424, 430, 432, 433, 437, 109 N. E. 2d 652; *Hurt v. Rogers Transportation Co.*, ante, 70, 113 N. E. 2d 489."

At page 516, Judge Zimmerman continued:

"The above-cited cases are not questioned or challenged in *Green v. Acacia Mutual Life Ins. Co.*, *supra*, as a perusal of the opinion in that case will disclose. It should be apparent that

the question presented in the *Green case* and the one now before the court are quite different in character.''

*Gray* v. *Youngstown Municipal Ry. Co., supra* (160 Ohio St. 511), discloses that Judge Middleton, one of the majority of four supporting the decision in *Green, supra,* spoke as follows in his concurring opinion in *Gray*:

"'* * * This second assignment of error was overruled by the Court of Appeals on the authority of *Green* v. *Acacia Mutual Life Ins. Co.,* 156 Ohio St. 1, 100 N. E. 2d 211. It is my opinion that the granting of the motion for new trial was a final and appealable order, notwithstanding the *Green case.* This statement is made with full consciousness that I concurred in the *Green case, but I no longer approve of the reasoning or judgment therein.''* (Emphasis added.)

Judge Taft, now Chief Justice, in the concluding paragraph of his concurring opinion in *Gray, supra,* made the following observation:

"In my opinion, it is unfortunate that this court should make a decision such as this which will unnecessarily increase procedural complications and problems. This court should endeavor to avoid using its time and efforts in creating procedural red tape which will obscure or bury questions of substantive law. Appellate procedure is a branch of the law where *simplicity, clarity* and *consistency* are especially important.''

*Green, supra,* should be overruled, thereby ending judicial as well as legislative confusion and controversy that have now existed for over 50 years, creating uncertainty for both the bench and the bar.

It now becomes necessary to consider the liability, if any, of the defendants, or either of them, arising from the pleadings and the evidence.

The rule is stated as follows:

"Where a person is wrongfully injured at the hands of two or more persons acting in concert, or acting independently but concurrently in causing a single injury, each of the wrongdoers is severally liable to such person for the full amount of the damage occasioned thereby; and the person injured may enforce his claim therefor in an action against all of them jointly, any one of them severally, or any number of them less than the whole.''

Paragraph three of the syllabus in *Larson* v. *Cleveland Ry. Co.*, 142 Ohio St. 20. See, also, *Wery* v. *Seff*, 136 Ohio St. 307, paragraph five of the syllabus.

It follows, therefore, that Price had the right to sue either defendant individually for the full amount of the damages. 39 Ohio Jurisprudence 2d 540, Negligence, Section 34, states the rule in this language:

"If the injury is produced by the negligence of two persons, each contributing a necessary condition to the result, either, or both, may be held responsible at the election of the party injured; *neither can claim exoneration on account of the fault of the other.*" (Emphasis added.)

McCoy could not complain if it had been sued individually nor could it have claimed exoneration on account of Chase's negligence. *Pugh* v. *Akron-Chicago Transportation Co.*, 64 Ohio App. 479, affirmed, 137 Ohio St. 164.

3 Ohio Jurisprudence 2d 635, Appellate Review, Section 684, lays down this principle:

"Where the liability, if any, of two or more persons joined as defendants is several as well as joint, one defendant cannot complain of the action of a court below in dismissing a codefendant, directing a verdict in favor of a codefendant, or in setting aside a verdict rendered against such codefendant."

It has long been established that a party who is severally liable for the whole damage may not complain of the good fortune of a codefendant who is not held liable. *Mead* v. *McGraw* (1869), 19 Ohio St. 55, paragraph five of the syllabus; *Reugler* v. *Lilly* (1875), 26 Ohio St. 48, 49.

In summary, defendant McCoy presented its evidence to a jury which subsequently determined that McCoy was negligent, and that this negligence was a proximate cause of the damages. It has shown no prejudicial error.

The order of the trial court granting McCoy's motion for a new trial was a final appeable order.

*Green* v. *Acacia Mutual Life Ins. Co.* is overruled and is no longer the law of Ohio. The amendment to Section 6, Article IV of the Constitution of Ohio, adopted November 7, 1944, empowers the General Assembly to change the appellate jurisdiction of the Courts of Appeals. *Youngstown Municipal Ry. Co.* v. *City of Youngstown*, 147 Ohio St. 221, is approved and followed.

Therefore, the judgment of the Court of Appeals must be, and it hereby is, reversed, and the cause is remanded to the Court of Common Pleas with instructions to set aside its order granting a new trial and to re-enter judgment for plaintiff on the verdict of the jury.

*Judgment reversed.*

ZIMMERMAN, MATTHIAS and O'NEILL, JJ., concur.

TAFT, C. J., SCHNEIDER and BROWN, JJ., concur in paragraph one of the syllabus (excepting its reference to the *Youngstown case*), in paragraph two of the syllabus and in the judgment.

TAFT, C. J., concurring. As early as 1956 this court had definitely limited the application of the law as announced in *Green* v. *Acacia Mutual Life Ins. Co.* (1951), 156 Ohio St. 1, 100 N. E. 2d 211, to cases where the order granting the new trial indicated that it "might have been granted for some reason wholly within the discretion of the trial court." *Lehman* v. *Haynam* (1956), 164 Ohio St. 595, 603. However, until today, a majority of this court has never expressly recognized this, except possibly in the 4-to-3 *per curiam* opinion of *State, ex rel. Devine, Pros. Atty.,* v. *Harter, Judge* (1957), 167 Ohio St. 51, 54, 146 N. E. 2d 437.

Section 2321.17, Revised Code, as amended in 1957, requires a trial court to specify a valid reason for granting a new trial. If that court does not specify such a reason in granting a new trial, its order can no longer indicate that the new trial might have been granted for a reason wholly within the discretion of the trial court, as on the weight of the evidence. Thus, even if we pay lip service to what is left of the law as announced in *Green* v. *Acacia Mutual Life Ins. Co., supra,* we would still have the Court of Appeals, in every appeal from an order granting a new trial, doing almost exactly what it does now where it reviews any final order.

I do not interpret our decision today as changing the law as to the extent of a trial court's discretion in granting a new trial. See *Poske* v. *Mergl* (1959), 169 Ohio St. 70, 157 N. E. 2d 344.

Furthermore, I do not interpret our decision today as indicating that the General Assembly may make an interlocutory order appealable, by calling it a judgment or final order or by including it in the definition of a judgment or final order. As I see it, we are merely holding that an order setting aside a judgment and granting a new trial is a final order within the meaning of those words as used in existing Section 6 of Article IV of the Constitution.

Defendant McCoy relies upon *Tanzi* v. *New York Central Rd. Co.* (1951), 155 Ohio St. 149, 98 N. E. 2d 39, 24 A. L. R. 2d 1151. In that case (paragraph six of the syllabus), "the proximate causal relationship between * * * negligence of the * * * [complaining] defendant and the plaintiff's injuries" was "doubtful," but "as a matter of law, the negligence of the * * * [other] defendant was a proximate cause of such injuries." This court held that a jury verdict against the complaining defendant and in favor of the other defendant was a "verdict * * * not rendered by reasonable minds" and should be set aside. However, in the instant case, the complaining defendant McCoy was negligent as a matter of law, and its negligence as a matter of law proximately caused the collision and plaintiff's resulting damages. Hence, those issues should not have even been submitted to the jury. It is not suggested that, as between plaintiff and defendant McCoy, there was any other jury issue except the issue as to the amount of damages. Defendant McCoy has not even suggested that the amount of damages awarded by the jury was excessive. Thus, if we assume that the jury's failure to bring in a verdict against defendant Chase "indicates that such verdict was not rendered by reasonable minds," there is no contention that defendant McCoy was prejudiced thereby on the issue as to the amount of damages, the only jury issue between plaintiff and defendant McCoy. On the other hand, in the *Tanzi case*, there was a jury issue on the question of liability of the complaining defendant so that that defendant could have been prejudiced by a verdict determining that issue against him if that "verdict was not rendered by reasonable minds."

Schneider and Brown, JJ., concur in the foregoing concurring opinion.