WINTERS ET AL., APPELLEES, *v.* BEITLER, APPELLANT, ET AL.

[Cite as Winters v. Beitler (1980), 67 Ohio App. 2d 163.]

(No. 80AP-123 — Decided March 25, 1980.)

164

*Messrs. Volkema & Scherner* and *Mr. Daniel R. Volkema,* for appellees.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Michael W. Donaldson* and *Mr. Bruce L. Ingram,* for appellant.

WHITESIDE, J.   Plaintiff-appellee John A. Winters has filed a motion to dismiss defendant's appeal as it relates to him, contending it was not timely filed as against him.

Although plaintiff John A. Winters has not caused any part of the record to be transmitted in support of his motion in accordance with App. R. 10(F), he contends that the judgment in his favor was entered on December 6, 1979, whereas the notice of appeal was not filed until February 14, 1980. He refers, however, to a motion for a new trial having been filed by plaintiff Joy Winters and states that no such motion was filed either by him or by defendant-appellant, Kathryn A. Beitler.

Defendant Beitler, although also not having any part of the record transmitted pursuant to App. R. 10(F), contends that a motion for a new trial was filed by plaintiff Joy Winters on December 7, 1979, and that the notice of appeal was timely filed after the sustaining of said motion. The copy of the docket entries, forwarded by the clerk of the trial court pursuant to App. R. 3(D), indicates that a judgment entry was filed on December 6, 1979, and that a motion was filed the next day. Subsequently, a "decision and entry" was filed on January 17, 1980; and, the notice of appeal was filed on February 14, 1980. The notice of appeal purports to appeal from a verdict in favor of both plaintiffs, rendered November 30, 1979, as well as from an entry filed January 17, 1980, "granting Joy Winters' motion for a new trial as to only damages." App. R. 4(A) provides, in part, as follows:

"The running of the time for filing a notice of appeal is suspended as to all parties by a timely motion filed in the trial court by any party pursuant to the Civil Rules hereafter enumerated in this sentence, and the full time for appeal fixed by this subdivision commences to run and is to be computed from the entry of the last of any of the following orders made upon a timely motion under such rules granting or denying a motion (1) for judgment under Rule 50(B); (2) for a new trial under Rule 59.***"

Since it appears that a timely motion for a new trial was

filed pursuant to Civ. R. 59, the time for filing a notice of appeal commenced to run as to all parties from the entering of the order sustaining the motion for a new trial. App. R. 4(A) expressly provides that where a timely motion for a new trial is filed by any party, "[t]he running of the time for filing a notice of appeal is suspended as to all parties * * *." Since both parties indicate that plaintiff Joy Winters filed a motion for a new trial, the time for appeal was apparently suspended by such filing and commenced to run only upon the entering of the order sustaining that motion. As defendant Beitler points out, this court has previously reached the same conclusion in *Drakoules* v. *Dairy Queen of Whitehall, Inc.* (Franklin Co. Ct. of Appeals No. 75AP-216, June 26, 1975), unreported, and in *Tullos* v. *Motorists Mutual Ins. Co.* (Franklin Co. Ct. of Appeals No. 75AP-192, February 26, 1976), unreported. Accordingly, under the circumstances, it appears that the notice of appeal was timely filed with respect to the judgment rendered in favor of plaintiff John A. Winters—the time for filing an appeal from that judgment having been suspended by the filing of the motion for a new trial by his co-plaintiff, Joy Winters. In any event, plaintiff John A. Winters has not demonstrated to this court that the notice of appeal was not timely filed, as to the judgment in his favor, in accordance with App. R. 4(A).

For the foregoing reasons, the motion to dismiss is overruled.

*Motion overruled.*

STRAUSBAUGH, P. J., and REILLY, J., concur.