OPINION
{¶ 1} This is an accelerated calendar case, submitted to this court on the record and the briefs of the parties. Appellant, Euclid Precision Grinding Co. Inc., appeals the judgment entered by the Willoughby Municipal Court in favor of appellee, David Fisher. The trial court granted appellee's motion for relief from judgment.
 {¶ 2} Appellant filed a complaint in December 2001. This complaint named LubeAlloy, Inc. and David Fisher. An affidavit subsequently filed by appellee indicates that LubeAlloy is not a corporation but, rather, a limited liability company, and its proper name is LubeAlloy, Ltd. In addition, the affidavit states that appellee is a member/manager of the company.
 {¶ 3} Appellee was served with the complaint via certified mail on January 17, 2002. His wife, Laura Fisher, signed for the receipt of the certified mail. Attached to his motion for relief from judgment, appellee attached two affidavits, one from himself and one from his wife. Both affidavits state that appellee received the complaint from his wife. In appellee's affidavit, he asserts that he believed he forwarded the complaint to his attorney. However, the affidavit further states that his attorney never received the complaint. Finally, Laura Fisher's affidavit asserts that she found the complaint stuck to the bottom of a box in July 2002.
 {¶ 4} Appellee never filed an answer to the complaint. In March 2002, appellant filed a motion for default judgment. The trial court granted this motion.
 {¶ 5} In June 2002, appellant initiated collection proceedings against appellee. It was in response to these collections efforts that appellee contacted his attorney and learned that his attorney had never received the complaint.
 {¶ 6} Appellee filed a motion for relief from judgment pursuant to Civ.R. 60(B). A hearing was held, and the magistrate found that appellee was entitled to relief from judgment. The trial court adopted the magistrate's decision and found that appellee was entitled to relief from judgment.
 {¶ 7} Appellant timely appealed the trial court's judgment to this court. Appellant's notice of appeal indicated that a statement of evidence would be filed pursuant to App.R. 9(C) or (D). However, neither a transcript nor a statement of evidence has been filed with this court. Appellant raises a single assignment of error on appeal:
 {¶ 8} "The trial court abused its discretion in granting appellee's motion for relief from the default judgment entered on March 20, 2002."
 {¶ 9} Initially, we note that a judgment setting aside a default judgment is a final appealable order.[1] Therefore, we have jurisdiction to consider this appeal.
 {¶ 10} The decision to grant a motion for relief from judgment is left to the sound discretion of the trial court.[2] Such decision will not be reversed on appeal without a showing that the trial court abused that discretion.[3] "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable."[4]
 {¶ 11} Relief from judgment may be granted pursuant to Civ.R. 60(B), which states, in part:
 {¶ 12} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [(2), (3), and (4) not applicable] or (5) any other reason justifying relief from the judgment."
 {¶ 13} "To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken."[5]
 {¶ 14} There was no transcript of the August 14, 2002 hearing filed in this case. Moreover, although the notice of appeal indicated a statement of the evidence was to be filed pursuant to App.R. 9(C) or (D), no statement was filed. Appellants had a duty to provide a transcript or suitable substitute. This court has recognized that this duty also applies in appeals from Civ.R. 60(B) judgments.[6]
 {¶ 15} "`The duty to provide a transcript for appellate review falls upon the appellant. This is necessarily so because an appellant bears the burden of showing error by reference to the matters in the record. * * * When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.'"[7]
 {¶ 16} In another Civ.R. 60(B) case, this court found that the absence of a transcript did not preclude appellate review, because the judgment entry of the trial court was sufficient, on its face, to decide the appeal on its merits.[8] However, in the case sub judice, neither the trial court's judgment entry nor the magistrate's decision is sufficiently detailed for us to decide this case on its merits.
 {¶ 17} Without a transcript of the hearing, we do not know what evidence was presented relating to the GTE factors. Thus, appellant is unable to demonstrate the claimed error. Specifically, we cannot determine what evidence appellee presented showing a meritorious defense or that he was entitled to relief under one of the factors of Civ.R. 60(B). Therefore, we cannot say that the trial court abused its discretion by granting appellee's motion for relief from judgment.
 {¶ 18} Appellant's assignment of error is without merit.
 {¶ 19} The judgment of the trial court is affirmed.
Judgment affirmed.
DONALD R. FORD, P.J., and CYNTHIA WESTCOTT RICE, J., concur.
[1] GTE Automatic Electric v. ARC Industries (1976), 47 Ohio St.2d 146, paragraph one of the syllabus, following Price v. McCoy Sales Service, Inc. (1965), 2 Ohio St.2d 131.
[2] Scruggs v. Value City Furniture (Dec. 22, 2000), 11th Dist. No. 99-G-2259, 2000 Ohio App. LEXIS 6104, at *5-6, citing Griffey v. Rajan
(1987), 33 Ohio St.3d 75, 77.
[3] Id.
[4] Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219.
[5] GTE Automatic Electric v. ARC Industries, 47 Ohio St.2d 146, at paragraph two of the syllabus.
[6] Bowers v. Estate of Gerald Tucky (May 18, 2001), 11th Dist. No. 2000-G-2274, 2001 Ohio App. LEXIS 2241.
[7] Id. at *3-4, quoting Knapp v. Edwards Laboratories (1980),61 Ohio St.2d 197, 199.
[8] Kapel v. Ford Motor Co. (July 3, 1997), 11th Dist. No. 96-G-2028, 1997 Ohio App. LEXIS 2983, at *5, fn. 2, citing Hartt v. Munobe (1993),67 Ohio St.3d 3, 7.